[Crim. No. 2848. In Bank.—June 21, 1926.]

## THE PEOPLE, Respondent, v. MAURICIO TRINIDAD. Appellant.

[1] CRIMINAL LAW—MURDER—MISCONDUCT OF DISTRICT ATTORNEY.—In this prosecution for murder, it is held that there was no error in the conduct of the prosecuting officer in the examination of witnesses and that he was not guilty of misconduct during his argument to the jury.

[2] ID.—INSTRUCTIONS.—In a prosecution for murder, although the record shows there was no occasion to read to the jury that portion of section 2051 of the Code of Civil Procedure which provides that it may be shown by the examination of a witness or by the record of a judgment that he has been convicted of a felony, there was no error in reading the whole section to the jury, where the instruction as a whole was a correct statement of law and the jury could not have accepted it as a statement, or implication, that the defendant had been previously convicted of a felony.

[3] ID.—WEIGHT OF EVIDENCE—IMPROPER INSTRUCTION—LACK OF PREJUDICE.—In a prosecution for murder, where there could be no doubt of the guilt of the defendant, there was no prejudicial error in instructing the jury in effect that evidence is to be estimated not only by its intrinsic weight, but also according to the evidence which it is in the power of one side to produce and the other to contradict, and, therefore, if the weaker or less satisfactory evidence is offered when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be weighed with distrust, although the record shows that the case was not a proper one for such instruction.

---

(1) 16 C. J., p. 893, n. 7.   (2) 16 C. J., p. 968, n. 95.   (3) 17 C. J., p. 340, n. 65.

3. See 8 Cal. Jur. 359.

APPEAL from a judgment of the Superior Court of San Bernardino County and from an order denying a new trial. Charles L. Allison, Judge.    Affirmed.

The facts are stated in the opinion of the court.

Reese & Bagg for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

WASTE, C. J.—The defendant was convicted of murder in the first degree and sentenced to pay the extreme penalty. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

It is not denied that appellant shot Hernandez, the decedent.    The defense in the court below was based upon the contention that the domestic happiness of the appellant and his wife was interfered with by Hernandez, and that an altercation arose between the two men, during which Hernandez attempted to assault Trinidad with a shoe knife and that Trinidad, in self-defense, fired the shots which killed the decedent.    The defendant did not take the stand, and the alleged facts on which his defense was based were related by other witnesses.    Police officers and a newspaper reporter testified that after the shooting the appellant surrendered himself to the officers, and, on being interrogated, confessed that he went to the place of the shooting to kill the decedent, because he thought he was trying to make a "bad woman" out of his wife; that the decedent had no weapon and that he, the defendant, killed him.    Other testimony tended to further destroy the defense erected by the appellant.    There was, therefore, sufficient evidence to support the conclusion of the jury that the defendant was guilty of murder as charged in the information.    It is not contended here that the evidence was not sufficient to sustain the conviction.    The appeal is based upon alleged misconduct of the jury and errors of the trial court in giving certain instructions.

[1]    It is first contended that the district attorney was guilty of misconduct in the examination of witnesses, and in the insistent repetition of questions and interrogatories to which objections had been sustained by the court, after the

district attorney had overstepped the bounds of propriety in comment as to the admissibility of testimony offered. Appellant contends that the conduct of the district attorney throughout the trial was calculated to and aroused the passion and prejudice of the jurors, and was such that the defendant did not have a fair and impartial trial. It cannot be denied that the district attorney showed considerable zeal in the presentation of the case for the People. Counsel for the defendant was equally zealous in the defense of his client, and overlooked no opportunity to save every point he felt would inure to the benefit of the appellant. Progress of the trial was tedious, and the defendant's counsel complained of the length of time the case was continued. The district attorney was, it is also to be admitted, persistent in the propounding of questions and in his offers of certain testimony. Objections interposed by appellant's counsel led to frequent and sometimes prolonged discussion between the court and counsel as to the admissibility of the evidence under consideration. The court and the district attorney frequently differed, but from our careful examination of all that occurred during the trial we have been unable to discover anything more than an earnest endeavor on the part of the prosecuting officer to present the case of the People in its best light. In none of the instances we are here called upon to review can we say with any assurance that the district attorney knew the questions to be improper or the evidence he sought to introduce to be inadmissible, or that any questions were asked by him without the expectation of answers directed to the point of his inquiry.

Judges and counsel will differ in opinion in such matters, and from time to time indulge in discussions which lead to a final disposition of the matter by the court. In this case the trial court promptly checked any undue examination by the district attorney and properly kept that official's zeal within due bounds. From time to time during the progress of the trial the jury was admonished that it would "be governed only by the testimony introduced," and the same point was fully covered in the final charge. We therefore find no error in the conduct of the prosecuting officer in the examination of witnesses.

It is next contended that the district attorney was guilty of misconduct during the argument to the jury, in that he

made statements of facts to support which no evidence was
offered, and that other statements made by him were direct
appeals to the passion and prejudice of the jury. As in the
case of the other assignments of misconduct on the part of
the prosecution, we have carefully read the argument made
by the district attorney and are not convinced that the ap-
pellant's contentions are correct. The wife of the appellant
was not called by the prosecution, but testified for the de-
fendant. During his argument the district attorney com-
mented upon the law which places it without the power of
the People under the rules of evidence to call a wife as a
witness against her husband in such a case. On objection
of appellant's counsel, the court suggested that the prosecut-
ing officer accept the law without criticising or without com-
menting upon it, and the episode appears to have been closed.
At another time the district attorney commented upon the
prevalence of crime and the apparent laxity of punishment
in criminal cases. On objection of counsel and at the sug-
gestion of the court, the district attorney withdrew that
portion of his argument. We deem it unnecessary to notice
other and similar assignments of misconduct.

[2] In the course of giving its instructions to the jury
the court read section 2051 of the Code of Civil Procedure,
providing how a witness may be impeached by the party
against whom he was called. Appellant contends that from
the fact that the trial court read the section in its entirety,
including the portion which provides that it may be shown
by the examination of the witness or by the record of a
judgment that he has been convicted of a felony, the instruc-
tion was accepted by the jury as a statement, or implication,
that the defendant Trinidad had, as a matter of fact, been
previously convicted of a felony. While it is apparent from
the record that there was no occasion to read that portion
of the section, the instruction considered as a whole was a
correct statement of law, and in its greater portion a ma-
terial and proper instruction to be given. We cannot see
how it can be contended that it was or could have been
given the construction which the appellant now says the
jurors placed upon it. Consequently, no error resulted from
the reading of the entire section.

[3] A more serious situation is presented in the last
contention made by appellant. By another instruction the

jurors were told "that evidence is to be estimated not only by its intrinsic weight, but also according to the evidence which it is in the power of one side to produce and the other to contradict; and therefore, if the weaker or less satisfactory evidence is offered when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be weighed with distrust." Appellant contends that by the giving of this instruction the court told the jury that he, the appellant, had it within his power to explain the facts and circumstances surrounding the offense with which he was charged and to produce stronger evidence than that produced in his favor at the trial; that such a statement, coming with the force that such statements have when made by a court during a trial, carried with it a weight and influence that worked prejudicially in the minds of the jury, and necessitates the reversal of the verdict of conviction. It was held in *People* v. *Cuff*, 122 Cal. 589 [55 Pac. 407], that this instruction, which is found in subdivisions 6 and 7 of section 2061 of the Code of Civil Procedure, may be given by the court to the jury on all proper occasions, but that in criminal cases the proper occasions are so few and the improper occasions are so many that it were best it should be given rarely, if at all.

The conviction in the case just cited was reversed upon other grounds in addition to the giving of the instruction, and there is nothing in the case to show that the jury were elsewhere instructed upon the right of the defendant to remain silent. In the case now here the jury was fully instructed on the presumption of innocence attaching to the defendant "until [his] guilt [was] proven beyond a reasonable doubt," and of the duty of "the people by evidence to prove to [their] minds beyond a reasonable doubt and to a moral certainty" the truth of the charge. The jury was also instructed that the defendant had a right to testify, or not to testify, in the case as he elected, and that it must not consider the fact that he did not testify in his own behalf as evidence or as a circumstance against him. We find nothing in the record which makes this case a proper occasion for the giving of the instruction. The trial court should have obeyed the admonition given in *People* v. *Cuff*, *supra*. Were this a "close case," or one in which the minds of men might reasonably differ as to the guilt or innocence of the

defendant, it might be well argued that the giving of the instruction perhaps influenced the verdict. The facts in the case are few and simple and there can be no doubt as to the guilt of the defendant. We cannot say, therefore, that the rights of the appellant were prejudiced by the giving of the instruction.

The judgment and the order of the trial court denying a motion for a new trial are, and each is, affirmed.

Lawlor, J., Richards, J., Seawell, J., Shenk, J., and Curtis, J., concurred.